UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WILLIAMS,

       Plaintiff,

v.                                                                                           Case No. 1:04-CV-768
                                                                          Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

                                                       /

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

        Plaintiff was born on July 12, 1957 and completed the 11th grade (AR 50, 76, 253).[1] Plaintiff stated that he became disabled on October 11, 2001 (AR 50). He had previous employment as a machine operator, fork lift operator and shake out laborer (AR 79-86). Plaintiff identified his disabling conditions as knee and left leg injuries, hand injuries and stomach problems (AR 70). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on December 6, 2002 (AR 41-49). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (AR 47). Second, the ALJ found that he suffered from severe impairments of "left knee osteoarthritis, positive for meniscal tear, status post arthroscopy" and major depression (AR 44, 48). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 48). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to:

> lift/carry 10 pounds frequently and 20 pounds occasionally, sit/stand/walk 6 hours in an 8-hour day with sit/stand option, push/pull 20 pounds, with no stairs, ramps, ladders, ropes, and kneeling and performing simple, unskilled work.

(AR 48). The ALJ further concluded that plaintiff was unable to perform his past relevant work (AR 48).

At the fifth step, the ALJ determined that plaintiff was capable of performing a significant range of light work (AR 48). Specifically, the ALJ found that an individual with plaintiff's limitations could perform the following jobs in Michigan: cashier (7,283 jobs); assembler (6,315 jobs); and inspector (2,161 jobs) (AR 48). The ALJ also found plaintiff's allegations regarding his limitations were not totally credible (AR 21). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 48-49).

**III. ANALYSIS**

Plaintiff has raised five issues on appeal.

      **A.**      **The ALJ disregarded the report of Dennis Mulder Ed. D.**

Plaintiff contends that the ALJ improperly disregarded Dr. Mulder's report, in which the doctor concluded that plaintiff met the requirements of Listing 12.04. At the third step of the sequential evaluation, a claimant bears the burden of demonstrating that he meets or equals a listed impairment. *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987). The "Listing of Impairments" is set forth at 20 C.F.R. § 404, Subpt. P, Appendix 1. The listing "describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525; 416.925. In order to be considered disabled under the listing, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Evans*, 820 F.2d at 164. An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir.1984).

The medical criteria for a listing, i.e., the inability to perform "gainful activity," presents a higher level of severity from the statutory standard, i.e., the inability to perform "substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). "The reason for this difference between the listings' level of severity and the statutory standard is that, for adults, the

listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* Consequently, when a claimant successfully demonstrates that he meets a listed impairment, the Commissioner will find the claimant disabled without considering his age, education and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d).

Plaintiff's examining expert, Dr. Mulder, concluded that he met the requirements of Listing 12.04 (affective disorders), which provides in pertinent part as follows:

> 12.04 *Affective Disorders*: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

20 CFR Pt. 404, Subpt. P, App. 1.

Dr. Mulder found that plaintiff met the following requirements in Parts A and B:

> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>
> 1.   Depressive syndrome characterized by at least four of the following: . . .
>
>      b. Appetite disturbance with change in weight; or
>
>      c. Sleep disturbance; or . . .
>
>      f. Feelings of guilt or worthlessness; or . . .
>
>      h. Thoughts of suicide . . . .
>
> And
>
> B.   Resulting in at least two of the following: . . .

> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration . . .

(AR 245, 249).

The ALJ rejected Dr. Mulder's opinion as internally inconsistent, noting that the doctor found plaintiff's "responses were at the outer limits of acceptable responses," and that plaintiff could understand, remember, and carry out simple instructions (AR 45). Specifically, Dr. Mulder found that plaintiff was "good" at understanding, remembering and carrying out simple job instructions, and "fair" at "understanding, remembering and carrying out detailed job instructions" (AR 44, 252). Dr. Mulder also found that plaintiff had a good ability to follow work rules, relate to co-workers and deal with the public, and a fair ability to function independently and maintain attention/concentration (AR 251). In addition, plaintiff's thought processes were relevant, logical and connected (AR 237). The court agrees with the ALJ's conclusion that Dr. Mulder's report was was internally inconsistent. Dr. Mulder's findings as set forth above are at odds with the doctor's conclusion that plaintiff had "marked difficulties" in maintaining concentration, persistence or pace. See 20 C.F.R. § 404, Subpt. P, Appendix 1, Listing 12.00(C)(3) (discussing definition of "marked" limitations in maintaining concentration, persistence and pace). Accordingly, the ALJ could properly reject Dr. Mulder's opinion on this basis.

**B.     The ALJ improperly applied the "sit and squirm" test.**

Next, plaintiff contends that the ALJ improperly applied the "sit and squirm test" when he found that plaintiff had at most "a mild limitation in activities of daily living and social

functioning, moderate limitation in concentration, and no evidence of episodes of decompensation" (AR 45). Plaintiff's Brief at 6. The Sixth Circuit has repeatedly rejected the application of the so-called "sit and squirm test," in which an ALJ dismisses "a claim for pain solely on the ALJ's observations at the hearing." *Martin v. Secretary of Health and Human Services*, 735 F.2d 1008, 1010 (6th Cir. 1984). Here, plaintiff has taken the ALJ's statement out of context and does not explain how the ALJ's finding was an application of the "sit and squirm" test. The ALJ's complete quote was "[a]s to listing 12.04 (depression), from the record I find that at most there is a mild limitation in activities of daily living and social functioning, moderate limitation in concentration, and no evidence of episodes of decompensation" (AR 45) (emphasis added). The ALJ based his decision on the record rather than solely on observations made at the hearing. Accordingly, he did not apply the "sit and squirm test."

### C. Hypothetical question posed to the vocational expert.

Next, plaintiff contends that "the hypotheticals given to the vocational expert had no basis in the facts in the record." Plaintiff's Brief at 6. An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

*See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

Plaintiff does not point out any particular flaw in the ALJ's hypothetical question posed to the vocational expert, but simply asserts that the question "had no basis in the facts in the record." Plaintiff's Brief at 6. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, this argument is deemed waived.

### D. Cumulative effects of plaintiff's impairments.

Next, plaintiff contends that the ALJ did not consider the cumulative effects of plaintiff's impairments. The Social Security Act requires the agency "to consider the combined effects of impairments that individually may be non-severe, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability." *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). *See* 20 C.F.R. § 404.1523. The Sixth Circuit has found that an ALJ's analysis of a claimant's combined impairments sufficient where the ALJ referred to a "combination of impairments" in deciding the claimant did not meet the listings, the ALJ referred to the claimant's "impairments" as not being severe enough to preclude performance of his past relevant work, the ALJ's decision was made after careful consideration of the "entire record," and, all of the claimant's impairments were discussed individually in the decision. *See Gooch v. Secretary of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "To require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Id.* The Sixth Circuit has also found that the ALJ

properly considered the combined effects of the claimant's impairments where the ALJ's decision referred to the claimant's "severe impairments" and "combination of impairments." *See Loy v. Secretary of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (per curiam).

Here, the ALJ stated at the third page of his decision that the regulations required him to consider "all medically determinable impairments" in the five-step sequential evaluation (AR 43). Throughout the opinion, the ALJ referred to plaintiff's "impairments," discussed each of plaintiff's impairments individually and stated that he reached his decision "[a]fter careful consideration of the entire record" (AR 43-47). The ALJ discussed plaintiff's medical history in detail, including his knee surgery, obesity, gastric ulcer disease, appendicitis, right wrist surgery and depression, as well as the interrelationships between the impairments (AR 43-47). For example, the ALJ addressed the restrictions caused by a non-severe impairment (gastric ulcer disease) on plaintiff's ability to take certain medication for his knee problems (AR 43, 223). The ALJ also considered plaintiff's statements that his concentration was decreased due to the pain in his knee (AR 45) and that his health was "poor" due to his knee surgeries, hand surgery, appendectomy, ulcer surgery and high blood pressure (AR 44). These findings and discussions amply demonstrate that the ALJ considered the combined effect of plaintiff's alleged impairments. *See Loy*, 901 F.2d at 1310; *Gooch*, 833 F.2d at 592.

### E.     Residual functional capacity determination.

The ALJ found that plaintiff could perform a range of simple, unskilled, light work (AR 48). At the hearing, plaintiff testified that "I talk to God every day" but that "I don't see God" (AR 270). Plaintiff further testified that he has "seen the devils" when he "get[s] real, real, real depressed" (AR 270-71). Plaintiff contends that the ALJ's RFC determination is not supported by

substantial evidence because the ALJ disregarded plaintiff's testimony that he "speaks with God and that he sees the devil." Plaintiff's Brief at 6.

Plaintiff's testimony is not evidence of a particular work limitation, but is relevant to his mental condition. The ALJ could properly disregard plaintiff's testimony to the extent plaintiff claims that he suffers from hallucinations or delusions. First, there is no record that plaintiff made these types of extreme statements to Dr. Mulder during his psychological examination. The doctor noted that plaintiff expressed a fear of "going to hell" and that "[w]hen he is angry he will talk to God with a history of [losing] control of his temper in the past but not recently" (AR 238). However, the doctor's report does not reflect statements by plaintiff that he has daily talks with God or frequent sightings of devils (AR 235-52). Second, Dr. Mulder did not conclude that plaintiff's alleged conversations with God evidenced a disabling mental illness. On the contrary, Dr. Mulder found: that plaintiff was in contact with reality, oriented and alert; that plaintiff's speech was clear, coherent and fluent; that his thought processes were relevant, logical and connected; that he denied delusions, persecutory thoughts or obsessions; that he had no intentions or plans of hurting himself or anyone else; and that he denied any suicide attempts or homicidal thoughts (AR 237-38). Accordingly, the ALJ could disregard plaintiff's statements.

**IV.    Recommendation**

I respectfully recommend that the Commissioner's decision be affirmed.

Dated:  January 25, 2006                 /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         United States Magistrate Judge

11

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).