UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES WILLIAMS,

       Plaintiff,

v.                                                                        Case No. 1:04-CV-768

COMMISSIONER OF SOCIAL                              HON. GORDON J. QUIST
SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on January 25, 2006, in which the magistrate judge recommended that the Commissioner's decision denying Plaintiff social security benefits be affirmed pursuant to 42 U.S.C. § 405(g). Specifically, the magistrate judge concluded that: (1) the Administrative Law Judge ("ALJ") properly rejected Dr. Mulder's opinion as internally inconsistent; (2) the ALJ did not improperly apply the "sit and squirm" test; (3) the ALJ's hypothetical question to the vocational expert was proper; (4) the ALJ considered the cumulative effects of Plaintiff's impairments; and (5) the ALJ properly disregarded Plaintiff's statements about conversations with God and seeing devils in determining Plaintiff's residual functional capacity. After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

The sole issue that Plaintiff raises in his objection is whether the ALJ properly rejected Dr. Mulder's opinion as internally inconsistent.[1] Plaintiff points out that Dr. Mulder's report is the only

---

[1]Plaintiff alludes to the other arguments that he raised in his brief submitted to the magistrate judge: "Any one of the errors alleged in Plaintiff's Initial Brief would be sufficient to require reversal or remand." (Pl.'s Objection at 1.) However, it is well established that general objections to a magistrate judge's report and recommendation do not suffice. The local rules of this district provide that, in submitting objections, a "party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentious," is insufficient to permit review of the

psychological review on the record.  He also notes that Dr. Mulder's report shows that Plaintiff: suffers from a major depressive disorder; has a GAF of 50; has a fair to poor ability to deal with work stresses; and, in spite of Dr. Mulder's findings that Plaintiff could understand, remember, and carry out directions and had relevant, logical, and connected thought processes, Plaintiff cannot persistently carry out such instructions.  Plaintiff argues that Dr. Mulder's report was thus not contradictory.

Although Plaintiff persuasively argues that Dr. Mulder's report is not contradictory, the Court agrees with the magistrate judge that the ALJ could properly reject Dr. Mulder's report as internally inconsistent.  As the magistrate judge noted, Dr. Mulder found that Plaintiff was "good" at understanding, remembering, and carrying out simple job instructions and "fair" at understanding, remembering, and carrying out detailed job instructions.  In addition, Dr. Mulder found that Plaintiff had a good ability to follow work rules, relate to co-workers, and deal with the public, and a fair ability to function independently and maintain attention/concentration.  In addition, Dr. Mulder found that Plaintiff's thought processes were relevant, logical, and connected.  Based upon these observations, the ALJ's decision to reject Dr. Mulder's conclusion that Plaintiff met the requirements of Listing 12.04 was properly supported.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 25, 2006 (docket no. 14), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.

Dated: March 27, 2006                                        /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE

---

magistrate's report.  Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  Thus, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed."  Id. Accordingly, the Court will only consider the specific issue identified in Plaintiff's objection.